UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| DOUGLAS G. DODSON, ) | |
| ) | Case No. 4:22-cv-35 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| BEDFORD COUNTY JAIL ) | |
| and RONNIE PRINCE, ) | |
| ) | |
| *Defendants*. ) | |

# MEMORANDUM AND ORDER

Plaintiff, a prisoner housed at the Bedford County Jail, has filed a pro se civil rights action under 42 U.S.C. § 1983 against Defendants Bedford County Jail and Jail Administrator Ronnie Prince (Doc. 1), and a motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons set forth below, the Court will grant Plaintiff's motion and dismiss this case for failure to state a claim upon which relief may be granted.

I.  **MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion (Doc. 2) and the certification of his inmate account (Doc. 8) that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, his motion (Doc. 2) will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee

of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk also will be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II.     ANALYSIS

A.     **Plaintiff's Allegations**

At approximately 8:00 p.m. on July 24, 2022, Plaintiff slipped in a pool of water that had accumulated on the floor of the Bedford County Jail because of a ceiling leak. (Doc. 1, at 5.) After slipping, Plaintiff fell into a stool, thereby injuring his shoulder, back, and right knee. (*Id.*) Officers took him to the medical department, but "nothing was done" until the next day, when x-rays were performed. (*Id.*) Plaintiff was sore but was advised that none of his bones was broken. (*Id.*)

On August 3, 2022, Plaintiff sought medical treatment for his right knee, and the doctor informed Plaintiff that he suffered from arthritis in his knee and put him on three weeks' worth of ibuprofen. (*Id.*)

Aggrieved by these events, Plaintiff filed this suit against the Bedford County Jail and Jail Administrator Ronnie Prince, asking the Court to order the ceiling leak to be repaired and award him $125,000 for his injuries. (*Id.* at 6.)

B.     **Screening Standards**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim

for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

    **C.    Analysis**

Prison officials have a duty to "ensure that inmates receive adequate food, clothing shelter, and medical care" and "take reasonable measures to guarantee the safety of the inmates."

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Deliberate indifference to those needs violates an inmate's constitutional rights, and a showing of deliberate indifference is made up of both subjective and objective components. *Richmond v. Huq*, 885 F.3d 928, 937–38 (6th Cir. 2018). The objective component requires a demonstration that the plaintiff was incarcerated under conditions posing a sufficiently serious risk to his health or safety, while the subjective component is satisfied where the plaintiff demonstrates that the defendant was aware of the risk and did not take "reasonable measures to abate it." *Farmer*, 511 U.S. at 834, 847.

Although Plaintiff does not disclose his custodial status, the Court assumes, *arguendo*, that he was a pretrial detainee at the time of the incidents alleged in his complaint.[1] As such, his claims that Defendants disregarded a risk to his safety and denied him adequate medical care are analyzed under the Fourteenth, rather than the Eighth, Amendment. *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021). This distinction is relevant because the Fourteenth Amendment requires that pretrial detainees not be subjected to punishment prior to a determination of guilt. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'") (citation omitted). Therefore, to state a claim that Defendants exposed him to punishment (by failing to protect him or obtain timely and adequate medical care), Plaintiff must show that Defendants were deliberately indifferent to an excessive risk to Plaintiff by acting with "'more than

---

[1] Although the Court presumes that Plaintiff is a pretrial detainee, it notes that Plaintiff's claim would similarly fail under an Eighth Amendment standard. A pretrial detainee's burden of proof is less onerous than the burden imposed on convicted prisoners under the Eighth Amendment, and the fact that Plaintiff's allegations fail to state a claim under the Fourteenth Amendment necessitates a determination that the allegations fail to state an Eighth Amendment claim. *See, e.g., Love v. Franklin Cnty.*, 376 F. Supp. 3d 740, 745 (E.D. Ky. 2019) (finding "the Fourteenth Amendment affords pretrial detainees greater protections than those afforded to convicted prisoners by the Eighth Amendment. . . . The Eighth Amendment, with its focus on impermissible punishment, merely sets the baseline of treatment") (citations omitted).

negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*, 14 F.4th at 596–97 (citing *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

### i. *Failure-to-Protect Claim*

Plaintiff's claim that he injured himself because of conditions at the Bedford County Jail is essentially a claim that Defendants failed their constitutional duty to act reasonably to ensure his safety. However, courts have routinely held that "slip and fall" claims typically assert only negligence, which is insufficient to set out a valid § 1983 claim. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in original); *Lewellen v. Metro. Gov't*, 34 F.3d 345, 348 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."); *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (finding prisoner's "slip-and-fall claim" failed to state constitutional claim); *White v. Tyskiewicz*, 27 F. App'x 314, 314 (6th Cir. 2001) (holding prisoner complaint that he slipped and fell on ice "at most alleged that the defendants were negligent in their duty to protect him from [] hazardous conditions, which is insufficient to state a claim under the Eighth Amendment"); *Robinson v. Well Path*, No. 3:22-cv-00102, 2022 WL 2070887, at *3 (M.D. Tenn. June 8, 2022) ("The risk to prisoner safety from a condition producing slick spots on prison floors, even where that condition is known to or reasonably foreseeable by a prison official, has been ruled insufficient to support a constitutional claim.").

Here, Plaintiff does not allege any facts suggesting that a leaky ceiling posed a serious risk to his safety to which Defendants were deliberately indifferent. Plaintiff's allegations

5

Case 4:22-cv-00035-TRM-CHS   Document 9   Filed 10/20/22   Page 5 of 7   PageID #: 13

suggest, at most, a nonviable constitutional claim of negligence, and therefore, this claim will be dismissed.

### ii. Medical-Care Claim

Although Plaintiff does not explicitly raise a claim that he was denied adequate medical care after his fall, the Court considers the merits of any such claim out of an abundance of caution. Recently, the Sixth Circuit explained:

> [A] plaintiff must satisfy three elements for an inadequate-medical-care claim under the Fourteenth Amendment: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Trozzi v. Lake Cnty.*, 29 F.4th 745, 757 (6th Cir. 2022). In this case, Plaintiff was seen at the medical department immediately after his accident, he received x-rays the following day showing that he suffered no injuries requiring acute treatment, and he sought and obtained pain medication after he complained of knee pain. Therefore, Plaintiff has not alleged any facts from which the Court could infer that Defendants ignored a serious risk to Plaintiff. Accordingly, this claim will be dismissed.

### iii. Defendants

The Court otherwise finds that Plaintiff has not alleged any facts to suggest that the named Defendants would otherwise bear any constitutional liability in this action. First, Plaintiff has not alleged any wrongdoing by Defendant Ronnie Prince, and therefore, he has failed to state a claim against him. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Additionally, Plaintiff cannot sustain a suit against the Bedford County Jail, as a jail is a building, not a

6
Case 4:22-cv-00035-TRM-CHS   Document 9   Filed 10/20/22   Page 6 of 7   PageID #: 14

"person" subject to liability under § 1983. *See Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Therefore, notwithstanding Plaintiff's failure to state a cognizable § 1983 claim, these Defendants are otherwise subject to dismissal.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's complaint will be **DISMISSED** for failure to state a claim upon which § 1983 relief may be granted; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**